

United States Department of Justice

*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street          Phone: (304) 623-7030
Suite 300                          FAX:  (304) 623-7031
Clarksburg, WV  26301

April 12, 2021

**FILED**

JUN 0 7 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV  26301

**VIA EMAIL:**

James Zimarowski
505 Ashebrooke Square
Morgantown, WV 26508

Re:   United States v. Dallas Weber
      Criminal No. 1:21CR20

Dear Mr. Zimarowski:

The purpose of this letter is to extend a plea offer to your client, Dallas Edward Weber, Jr..  It is agreed between the United States and your client as follows.

1.      Mr. Weber will plead guilty to Count One of the Indictment in charging him with aiding and abetting the production of child pornography in violation of Title 18, United States Code Sections §2251(a) and 2.

2.      The maximum penalty to which Mr. Weber will be exposed by virtue of his plea of guilty to Count One of the Indictment is imprisonment for a term of not less than 15 years and not more than 30 years, a fine of not more than $250,000.00 and a period of supervised release of up to life; and a special mandatory assessment of $100.00 (18 U.S.C.

_____
Dallas Edward Weber, Jr.

5-4-21
_____
Date

_____
James Zimarowski
Counsel for Mr. Dallas

4 MAY 2021
_____
Date

James Zimarowski
March 29, 2021
Page 2

§ 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

3.     Mr. Weber will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Weber will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia. Nothing contained in any statement or any testimony given by Mr. Weber, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution by the United States.

4.     It is understood that any information obtained from Mr. Weber in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Weber's applicable advisory guideline range. Furthermore, if, in the opinion of the United States Attorney's Office, Mr. Weber breaches this plea agreement, then any statement by him made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against him without limitation. The United States agrees not to pursue any other federal crimes known to the United States as of the date of this plea agreement. However, this agreement does not prevent Mr. Weber from being prosecuted for any other violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Weber for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5.     At final disposition, the United States will advise the Court of Mr. Weber's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____          _____
Dallas Edward Weber, Jr.                                      Date

_____          _____
James Zimarowski                                                  Date
Counsel for Mr. Weber

James Zimarowski
March 29, 2021
Page 3

6.      Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding sentence: a term of imprisonment of 28 years. The parties understand that if the Court does not accept the binding provision of this paragraph, Mr. Weber will have the right to withdraw his plea of guilty.

7.      If the plea agreement is accepted by the Court, at sentencing, the United States will dismiss the remaining counts of the indictment against Mr. Weber.

8.      Pursuant to Sections 6B1.4 (Stipulations (Policy Statement)) and 1B1.3 (Relevant Conduct), the parties stipulate that on or about June 16, 2020 in Taylor County, West Virginia, in the Northern District of West Virginia, the defendant and ~~Ashelly~~ Marie Weber, aided and abetted by each other, did knowingly use a minor child to engage in sexually explicit conduct for the purpose of producing a visual depiction of the sexually explicit conduct; and that the visual depiction was produced using materials that have been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a), 2251(e) and 2.

9.      The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Weber's background criminal record, offenses charged in the information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion.  The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Weber or by his counsel.

10.     Mr. Weber understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. The parties understand, however, that if the Court does

_____

Dallas Edward Weber, Jr.

_____    5-4-21
Date

_____

James Zimarowski
Counsel for Mr. Weber

_____    4 May 2021
Date

James Zimarowski
March 29, 2021
Page 4

not accept the binding provision of paragraph 6, then Mr. Weber will have the right to withdraw his plea of guilty.

       11.    Mr. Weber has been advised and understands that hhe will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of Mr. Weber's residence; the location of Mr. Weber's employment; and, if Mr. Weber is a student, the location of Mr. Weber's school.  Registration will require that Mr. Weber provide information that includes name, address of residence, and the names and addresses of any places where Mr. Weber will be employed or a student.  Mr. Weber further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status.  Mr. Weber understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

       12.    Mr. Weber understands that mandatory restitution is required in this case and agrees to make restitution to the victim of the crime charged in Count One of the Indictment.

       13.    Mr. Weber understands that forfeiture is part of the sentence imposed in this case, and agrees to the forfeiture of the property seized in this case which Mr. Weber stipulates is any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter, or is property used or intended to be used to commit or to promote the commission of the offense conviction. Mr. Weber further un derstands that the above-described property will be forfeited for destruction and will be disposed of according to law. Mr. Weber agrees to consent to the entry of orders of forfeiture for the property described above, and waives the requirements of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. By signing this agreement, Mr. Weber hereby withdraws any claim Mr. Weber may have filed in any administrative forfeiture action and agrees to the entry of a

_____
Dallas Edward Weber, Jr.

5-4-21
_____
Date

_____
James Zimarowski
Counsel for Mr. Weber

4 MAY 2021
_____
Date

James Zimarowski
March 29, 2021
Page 5

Declaration of Forfeiture. Mr. Weber understands that the forfeiture of assets is part of the
sentence that may be imposed in this case and waives any failure by the court to advise
him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Further,
Mr. Weber agrees to waive all challenges in any manner (including direct appeal, habeas
corpus, or any other means) to any forfeiture carried out in accordance with this Plea
Agreement. Mr. Weber agrees to execute any document or other assurance to effectuate
the transfer of title to forfeitable assets to the United States, and to testify truthfully in any
judicial forfeiture proceeding.

14.    Mr. Weber agrees that all monetary penalties imposed by the Court
will be due and payable immediately and subject to immediate enforcement by the United
States as provided in 18 U.S.C. § 3613. Furthermore, Mr. Weber agrees to provide all
requested financial information to the United States and the U.S. Probation Office, and
agrees to participate in a pre-sentencing debtor examination if requested by the U.S.
Attorney's Office. Mr. Weber also authorizes the Financial Litigation Unit in the U.S.
Attorney's Office to access his credit report from any major credit reporting agency prior
to sentencing in order to assess his financial condition for sentencing purposes. Mr. Weber
agrees to complete a financial statement, under penalty of perjury, and to submit the
financial statement on the date specified and in accordance with instructions provided by
the U.S. Attorney's Office. Mr. Weber further agrees that any schedule of payments
imposed by the Court represents his minimal financial obligation and shall not constitute
the only method available to the United States to enforce or collect any criminal monetary
penalty judgment. In addition, Mr. Weber agrees that the United States, through the
Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United
States Treasury for offset in accordance with the Treasury Offset Program, regardless of
his payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, Mr. Weber agrees to a
voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or
employment, to be withheld from his wages, salary or commissions, without prior demand
for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Mr.
Weber hereby also waives any exceptions that may be applicable under the Consumer
Credit Protection Act, 15 U.S.C. § 1673.


_____          5-4-21
Dallas Edward Weber, Jr.                  _____
                                          Date

_____          4 MAY 2021
James Zimarowski                          _____
Counsel for Mr. Weber                     Date

James Zimarowski
March 29, 2021
Page 6

15.    Mr. Weber is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Mr. Weber waives the following rights:

    a.  Mr. Weber knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal his conviction on the ground that the statute(s) to which Mr. Weber is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

    b.  Mr. Weber knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of his criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), so long as the Court imposes the binding sentence agreed to in this plea agreement.

    c.  Mr. Weber waives the right to challenge the conviction or the binding sentence which is agreed to in this plea agreement or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

    Nothing in this paragraph, however, will act as a bar to Mr. Weber perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Mr. Weber agrees that there

_____

Dallas Edward Weber, Jr.

5-4-21
_____
Date

_____

James Zimarowski
Counsel for Mr. Weber

4 MAY 2021
_____
Date

James Zimarowski
March 29, 2021
Page 7

is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

16.     If Mr. Weber's plea is not accepted by the Court or is later set aside or if Mr. Weber breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

17.     The above sixteen paragraphs constitute the entire agreement between Mr. Weber and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,
RANDOLPH J. BERNARD
Acting United States Attorney

By:     Sarah E. Wagner
Assistant United States Attorney

Dallas Edward Weber, Jr.

5-4-21
Date

James Zimarowski
Counsel for Mr. Weber

4 May 2021
Date

James Zimarowski
March 29, 2021
Page 8


As evidenced by my signature at the bottom of the seven pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.


Dallas Edward Weber, Jr.

5- 4-2|
Date


James Zimarowski
Counsel for Mr. Weber

4 MAY 2021
Date