**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg**

**DALLAS EDWARD WEBER, JR.,**

    Petitioner,

v.	Crim. Action No.	1:21-CR-20-1
	Civil Action No.	1:22-CV-21

**USA,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 14, 2022, Dallas Edward Weber, Jr. ("petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:22-CV-21 Doc. 1; Criminal Action Number 1:21-CR-20-1 Doc. 108].[1]  The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.  The undersigned now issues this Report and Recommendation on the petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

### II.   PROCEDURAL HISTORY

**A. Conviction and Sentence**

On March 2, 2021, Weber was charged in a one-count indictment with aiding and abetting production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), &

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

1

2. On June 7, 2021, petitioner appeared before the undersigned for a plea hearing at which he entered a plea of guilty pursuant to a plea agreement. *See* [Docs. 70 & 71]. At that time, the undersigned reviewed with petitioner the rights he was waiving in entering his plea agreement. As set forth in the earlier Report and Recommendation,

> [d]efendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time.

[Doc. 73 at 6]. In the plea agreement, the parties agreed to the binding sentence of a term of imprisonment of 28 years. [Doc. 72 at 3]. On November 4, 2021, petitioner was sentenced to a term of 336 months, i.e., 28 years. [Docs. 93, 95, & 103].

**B. Appeal**

Petitioner did not file an appeal from the judgment of his conviction.

**C. Federal Habeas Corpus**

On March 14, 2022, petitioner filed the instant Motion. Therein, petitioner claims that the district court lacked personal and subject matter jurisdiction over his case. He contends that there is no federal jurisdiction to punish sex-related crimes. [Doc. 108-1 at 4]. Petitioner further contends that the framers of the Constitution did not intend for the Commerce Clause to function as a power to legislate over criminal conduct. [Id. at 8—

9]. Further, petitioner contends that he did not file an appeal because he "signed an invalid plea agreement" because the Court lacked jurisdiction to enforce such an agreement. [Doc. 108 at 4]. For relief, petitioner asks this Court to vacate his conviction and the conviction of his co-defendant and wife, Ashley Marie Weber, and to dismiss the indictments in this case. [Id. at 12].

### III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id*. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.　　ANALYSIS

**A.**　**Petitioner's claims were waived as part of his plea agreement.**

As set forth above, petitioner pleaded guilty in his criminal case pursuant to a plea agreement. That plea agreement included the following waiver:

> Mr. Weber is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Mr. Weber waives the following rights:
>
> a.　　Mr. Weber knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal his conviction on the ground that the statute(s) to which Mr. Weber is pleading is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).
>
> b.　　Mr. Weber knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of his criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any

term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), so long as the Court imposes the binding sentence agreed to in this plea agreement.

c. **Mr. Weber waives the right to challenge the conviction or the binding sentence which is agreed to in this plea agreement or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.**

Nothing in this paragraph, however, will act as a bar to Mr. Weber perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Mr. Weber agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

[Doc. 72 at 6–7] (emphasis added).

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." ***Blackledge v. Allison***, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." *Id*. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." ***United States v. Lemaster***, 403 F.3d 216, 220 (4th Cir. 2005).

In ***United States v. Attar***, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to

5

forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." *Id*. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. *Id*. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Id*. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." *Id*.

Subsequently, in *Lemaster*, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. *Id*. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." *Id*. at n.2.

Here, the waiver petitioner signed effectively waived his right to bring the claims in the instant motion. At sentencing, petitioner was sentenced to the binding sentence agreed to in the plea agreement, twenty-eight years imprisonment. At his plea hearing,

petitioner indicated that he understood he was waiving his right to challenge his conviction in a proceeding under 28 U.S.C. § 2255.  [Doc. 73 at 6].  The arguments raised in the instant petition concern a challenge to federal courts' jurisdiction over the crime charged in this case and are not claims of ineffective assistance of counsel or prosecutorial misconduct.  Accordingly, his claims should be dismissed.

B.  **Even if petitioner's claims were not waived, he is unable to show that he is entitled to relief.**

Contrary to petitioner's arguments, the district court had jurisdiction over his criminal case.  "As a preliminary matter, we note that the Supreme Court has accepted the federalization of child pornography crimes by upholding convictions brought under 18 U.S.C. § 2252A. *See e.g.*, [*U.S. v.*] **Williams**, 553 U.S. at 291, 308." **United States v. Laursen**, 847 F.3d 1026, 1035 (9th Cir. 2017).  As the Fourth Circuit has recently observed,

> Congress has broad authority to regulate the channels and instrumentalities of interstate commerce, as well as "those activities having a substantial relation to interstate commerce, *i.e.*, those activities that substantially affect interstate commerce." **United States v. Lopez**, 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (citations omitted). It is well settled that Congress has the authority to regulate purely intrastate activities, as long as a "rational basis exist[s] for concluding that a regulated activity sufficiently affect[s] interstate commerce." *Id*. at 557, 115 S.Ct. 1624 (citations omitted); *see also* **Gonzales v. Raich**, 545 U.S. 1, 17, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) ("Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class

7

> of activities' that have a substantial effect on interstate commerce." (citations omitted)). Congress has made specific findings that the intrastate regulation of child pornography sufficiently affects the interstate child pornography market. *See e.g.*, Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109–248, § 501(1)(F), 120 Stat. 587, 624 (codified as amended at 18 U.S.C. § 2251) (finding that federal control of intrastate incidents of child pornography is "essential to the effective control of the interstate market in child pornography"); Child Pornography Prevention Act of 1996, Pub. L. 104–208, § 121(12), 110 Stat. 3009–26, 3009–27 (codified as amended at 18 U.S.C. § 2251) ("[P]rohibiting the possession and viewing of child pornography will ... help[ ] to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children....").

**United States v. Miltier**, 882 F.3d 81, 89 (4th Cir. 2018); *see also* **United States v. Rose**, 714 F.3d 362 (6th Cir. 2013) (finding Congress had the authority to regulate intrastate manufacture and possession of child pornography in the context of 18 U.S.C. § 2251). Further, the interstate commerce element of § 2251 is fully satisfied in petitioner's case, where the indictment alleges the visual depiction was produced using materials that had been shipped and transported in and affecting interstate commerce.  Petitioner entered a guilty plea in his criminal case, and in doing so admitted to all elements, including the interstate nexus.  "[A] guilty plea is an admission of all the elements of a formal criminal charge."  **McCarthy v. United States**, 394 U.S. 459, 466 (1969).

Petitioner cites Justice Thomas's dissent in **Taylor v. U.S.**, 579 U.S. 301 for the proposition that the Constitution expressly delegates to Congress authority over four

specific crimes: "counterfeiting securities and coin of the United States, Art. I, § 8, cl. 6; piracies and felonies committed on the high seas, Art. I, § 8, cl. 10; offenses against the law of nations, ibid.; and treason, Art. III, § 3, cl. 2." 579 U.S. 301, 312 (2016). Justice Thomas went on to discuss the limits of Congress' authority to regulate commerce, but that dissent did not imply that those were the only valid criminal laws. In his second ground, petitioner advances the broad argument that "Federal criminal laws cannot be enforced within the States where Congress cannot confer upon Article III Courts sitting in the States with Criminal Jurisdiction." [Doc. 108-1 at 14]. As set forth above, federal jurisdiction over convictions under 18 U.S.C. § 2251 is firmly established, and petitioner's argument is without merit.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:22-CV-21 Doc. 1; Criminal Action Number 1:21-CR-20-1 Doc. 108**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver**

**of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  March 25, 2022.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE