```
               IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DALLAS WEBER, JR.,**

      Petitioner,

v.                                          **Criminal Action No. 1:21CR20**
                                               **Civil Action No. 1:22CV21**
                                                        **(Judge Kleeh)**

**UNITED STATES OF AMERICA,**

      Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Pending is the Report and Recommendation by the Honorable Michael J. Aloi, Magistrate Judge, recommending that the Court deny the petition of Dallas Weber Jr. ("Weber") to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. Also pending are Weber's objections to the Report and Recommendation. Following a careful review and for the reasons that follow, the Court **ADOPTS** the R&R [1:21CR20, ECF No. 116; 1:22CV21, ECF No. 4], **OVERRULES** Weber's objections [1:21CR20, ECF No. 123], **DENIES** his § 2255 petition [1:21CR20, ECF No. 108; 1:22CV21, ECF No. 1], and **DISMISSES WITH PREJUDICE** Civil Action Number 1:22CV21.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

### I.  BACKGROUND

On March 2, 2021, a grand jury charged Weber with aiding and abetting production of child pornography [ECF No. 1].[1]  Thereafter, he entered a binding plea agreement on this charge [ECF No. 72]. On November 5, 2021, the Court accepted his plea and sentenced Weber to 336 months of imprisonment [ECF No. 80].  Weber waived his right to appeal the judgment of his conviction and he did not attempt to do so.  But, on March 14, 2022, he filed the pending § 2255 petition, asserting that his conviction should be vacated and the indictment against him should be dismissed because this Court lacks jurisdiction to punish sexually based offenses, including the child pornography charge brought against him in this case [ECF No. 108].

Pursuant to the local rules, the Court referred the petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.  On March 25, 2022, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") recommending that the petition be denied [ECF No. 116].  Id. at 5-7.  It first determined that Weber waived his right to challenge his conviction under § 2255 in his plea agreement.  Second, it found that Weber's claims lack

---

[1] Unless otherwise indicated, all docket numbers refer to Criminal Action No. 1:21CR20.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

merit because Congress, using its power to regulate interstate commerce, criminalized sexually based offenses and authorized the federal courts to punish these crimes. Id. at 7-9.

Weber filed his objections to the R&R on April 4, 2022, insisting that this Court lacks jurisdiction over child pornography crimes [ECF No. 123]. As a result, he asserts that he could not have waived his right to file a § 2255 petition because his plea agreement is invalid, and his attorney and the Government's counsel erred in allowing him to enter it.

## II.  STANDARD OF REVIEW

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

### III. APPLICABLE LAW

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### IV. DISCUSSION

**A.  Weber waived his right to collaterally attack his conviction.**

As a threshold matter, the Court notes that Weber waived certain collateral attack rights in his binding plea agreement [ECF No. 72 at 6]. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Federal Rule of Civil Procedure 11 requires the Court to determine whether the defendant accepts a plea voluntarily, without force, threats, or promises. The Court also must find that a defendant who pleads guilty understands the nature of the charge and is aware of the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

consequences of his plea. McCarthy v. United States, 394 U.S. 459, 464 (1969). "The representations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In his plea agreement, Weber "waive[d] the right to challenge the conviction or the binding sentence which is agreed to in this plea agreement or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255" [ECF No. 72 at 6].[2] During his plea colloquy, Weber affirmed the voluntariness of his plea agreement and his understanding of its terms and implications [ECF No. 73 at 3-6]. Weber also stated that he intended to waive his right to collaterally attack his conviction and sentence. Id. at 5-6. The magistrate judge concluded that Weber had entered his guilty plea knowingly and voluntarily and that he knowingly forfeited his collateral attack rights. Id. at 6. Based on this history, the Court finds that Weber knowingly and voluntarily forfeited his right to challenge his conviction in this § 2255 proceeding.

---

[2] This waiver did not bar him from asserting ineffective assistance of counsel or prosecutorial misconduct in a § 2255 petition. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

**B.    This Court has jurisdiction over child pornography crimes.**

Regardless of his collateral attack-waiver, Weber's § 2255 claims and objections to the R&R lack merit because this Court has jurisdiction over the child pornography crime to which he pleaded guilty.

As courts of limited jurisdiction, federal courts derive their authority to punish crimes from the Constitution, enactments of Congress, and treaties.  See United States v. Hudson, 11 U.S. (7 Cranch) 32, 34 (1812); United States v. Walkingeagle, 974 F.2d 551, 554 (4th Cir. 1992).  As relevant to Weber's conviction, Congress has enacted the Child Pornography Prevention Act ("CPPA"), 18 U.S.C. § 2251 et seq.  Section 2251(a) of the CPPA criminalizes the sexual exploitation of a minor for the purpose of producing a visual depiction.  By enacting this legislation, Congress undoubtedly granted this Court jurisdiction to punish violations of § 2251(a) as it did in Weber's case.

Weber nevertheless asserts that Congress cannot rely on its police power to criminalize sexually based offenses.  But it did not attempt to do so.  Instead, Congress passed the CPPA using its authority to regulate interstate commerce.  See United States v. Miltier, 882 F.3d 81, 89 (4th Cir. 2018); United States v. Malloy, 568 F.3d 166, 179 (4th Cir. 2009); United States v. Forrest, 429

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

F.3d 73, 78 (4th Cir. 2005). The essential elements of a violation of § 2251(a) reflect this: (1) the victim must be less than 18 years old; (2) the defendant must have used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) the visual depiction must have been <u>produced using materials that had been transported in interstate or foreign commerce</u>. <u>Malloy</u>, 568 F.3d at 169.

Weber next attempts to argue that the Supreme Court of the United States has held that district courts lack jurisdiction over sexually based offenses. Again, he is mistaken. The Supreme Court has long recognized that "the exploitive use of children in the production of pornography has become a serious national problem" and that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." <u>New York v. Ferber</u>, 458 U.S. 747, 749, 757 (1982). More recently, it noted that "[t]he sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people." <u>Ashcroft v. Free Speech Coal.</u>, 535 U.S. 234, 244-245 (2002). It then cited to § 2251 is one of the "valid laws" that Congress has passed to protect children from such abuse. <u>Id.</u>

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

In sum, Congress relied on its power to regulate interstate commerce to criminalize the sexual exploitation of minors and gave this Court jurisdiction to punish such crimes. Because the Court properly exercised this jurisdiction in Weber's criminal case, it overrules his objections to the R&R and dismisses his § 2255 petition for lack of merit.

### V.   NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Weber has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTIONS,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Weber has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R [1:21CR20, ECF No. 116; 1:22CV21, ECF No. 4], **OVERRULES** Weber's objections [1:21CR20, ECF No. 123], **DENIES** Weber's § 2255 petition [1:21CR20, ECF No. 108; 1:22CV21, ECF No. 1], and **DISMISSES WITH PREJUDICE** Civil Action Number 1:22CV21.

It is so **ORDERED.**

The Clerk shall enter a separate judgment order in favor of the United States; transmit a copy of this order to Weber by certified mail return receipt requested and to counsel of record by electronic means; and strike Civil Action Number 1:22CV21 from the Court's active docket.

DATED: May 2, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA