```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**            **Criminal Action No. 1:21CR20**
                 **(Judge Kleeh)**

**DALLAS WEBER, JR.,**

  **Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 136]

Pending is the motion of the defendant, Dallas Weber, Jr. ("Weber"), seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 136]. For the reasons that follow, the Court **DENIES** his motion.

### I.   BACKGROUND

On March 2, 2021, a grand jury charged Weber with aiding and abetting production of child pornography [ECF No. 1]. Thereafter, he entered a binding plea agreement [ECF No. 72]. On November 5, 2021, the Court accepted his plea and sentenced Weber to 336 months of imprisonment [ECF No. 80]. Weber is currently incarcerated at FCI Hazelton and, with the inclusion of good conduct credit, has a projected release date of June 22, 2044.[1]

On September 19, 2022, Weber filed a pro se motion for compassionate release, asserting that his sentence should be

---

[1] See Federal Bureau of Prisons, Inmate Locator https://www.bop.gov/inmateloc/ (results for register number 12617-087) (last visited April 27, 2023).

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 136]**

vacated because the Court lacks jurisdiction to punish sexually based offenses [ECF No. 136]. Notably, this is the same argument Weber raised in his petition to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Court denied for lack of merit on May 2, 2023 [ECF No. 161]. The Government opposes Weber's motion for compassionate release because 18 U.S.C. § 3582(c)(1)(A) does not permit courts to vacate a defendant's sentence as he requests [ECF No. 142]. The Government also contends that his motion should be denied because he failed to exhaust his administrative remedies, no extraordinary and compelling reason justifies his release, and his release would be inconsistent with the sentencing factors. Id.

## II.   APPLICABLE LAW

After imposing a term of imprisonment, a court may only modify its sentence in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to "reduce the term of imprisonment after making a 'three-step inquiry'": (1) has a defendant exhausted all administrative remedies; (2) does an extraordinary and compelling reason for a sentence reduction exist; and (3) is a sentence reduction consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a)? See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 136]**

### III. DISCUSSION

**A.   No Administrative Exhaustion**

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

As the Government points out, Weber has never submitted an administrative request for compassionate release to the Warden at FCI Hazelton [ECF No. 142-1]. Accordingly, he has not satisfied the administrative exhaustion requirement of § 3582(c)(1)(A) and his motion is denied on this basis.

**B.   No Extraordinary and Compelling Reasons**

Weber has also failed to demonstrate that an extraordinary and compelling reason justifies his release. Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling" but instead requires that any sentence reduction be

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 136]**

consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

In his motion for compassionate release, Weber asks the Court to "reverse" his allegedly unconstitutional conviction." He asserts that his conviction should be vacated because the Court lacked jurisdiction over the child pornography charge against him. And that this is an extraordinary and compelling reason for his release. For the reasons outlined in the Court's May 2, 2023 Memorandum Opinion denying Weber's § 2255 petition, this argument lacks merit.

Further, Weber's argument is in substance a collateral attack on his conviction. See 28 U.S.C. § 2255(a) (permitting a federal

4

prisoner who is in custody to assert the right to be released if "the court was without jurisdiction to impose such sentence"). But motion for compassionate release is not the proper vehicle for a defendant to challenge his conviction or sentence. United States v. Ferguson, No. 21-6733 (4th Cir. Nov. 29, 2022). "Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." Id. Accordingly, Weber's challenge to the validity of his conviction cannot, as a matter of law, constitute extraordinary and compelling reasons warranting his compassionate release. The Court also denies his motion on this basis.

## IV. CONCLUSION

The Court concludes that Weber has not exhausted his administrative remedies and no extraordinary and compelling reason exists to justify his release. For these reasons, it **DENIES** his motion for compassionate release [ECF No. 136].

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION**
**FOR COMPASSIONATE RELEASE [ECF NO. 136]**

The Clerk shall transmit copies of this Order to Weber, via certified mail return receipt requested and to counsel of record and all appropriate agencies by electronic means.

DATED: May 2, 2023

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA